UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JERRY L. PEETE,

        Petitioner,

      v.

M. CRUZ, Warden of
Duluth Federal Prison Camp,

        Respondent.

Civil No. 08-291 (DWF/FLN)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, it is recommended that the petition for writ of

habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section

2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

Sometime during 2000, federal criminal charges were filed against Petitioner in the

United States District Court for the Eastern District of Wisconsin.  He later entered into a

plea agreement, by which he pled guilty to three counts of possession with intent to deliver

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."  Although The Rules Governing
Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners
pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28
U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN),
(D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th
Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

cocaine powder, and one count of illegal possession of a firearm.   (Petitioner's "Memorandum In Support Of Section 2241 Motion," [Docket No. 2], p. (1).)   He was sentenced on June 15, 2000.  (Id.)

A pre-sentence investigation report showed that Petitioner had been previously convicted of several state criminal offenses.  Petitioner objected to the prior convictions portion of his pre-sentence report, arguing that his state court convictions were invalid.  (Id., at p. (4).)  However, the trial judge rejected those arguments, and imposed an enhanced sentence based on the prior state convictions.  According to Petitioner, he would have received a 120-month sentence if not for the enhancement, but because of the enhancement, he was sentenced to 188 months in federal prison, (to be followed by a five-year term of supervised release).  (Id., at p. (1).)  Petitioner is presently serving his sentence at the Federal Prison Camp in Duluth, Minnesota.

Petitioner did not file a direct appeal immediately after his sentence was imposed. Sometime later, however, he filed a motion in the trial court, seeking relief under 28 U.S.C. § 2255.  He argued that he had been denied effective assistance of counsel, apparently because his attorney did not file a timely direct appeal.  The trial court granted Petitioner's § 2255 motion, which allowed him to file a belated direct appeal.  (Id.; see also, United States v. Peete, No. 00-CR-15 (E.D.Wis. 2006), 2006 WL 2988462 at * 1, n. 1.)

Thereafter, Petitioner did file a direct appeal in the Seventh Circuit Court of Appeals, in which he challenged his conviction and sentence on several grounds.  In a published decision dated August 5, 2002, the Court of Appeals considered and rejected Petitioner's claims on the merits, and affirmed his conviction and sentence.  United States v. Mitchell, 299 F.3d 632 (7th Cir. 2002), cert. denied, 537 U.S. 1130 (2003).

Approximately two years after the conclusion of Petitioner's direct appeal, he filed another application for relief in the trial court, which purportedly was brought under the "All Writs Act," (28 U.S.C. § 1651), and Rule 60(b) of the Federal Rules of Civil Procedure.  The trial court construed that application to be a second § 2255 motion, and summarily dismissed it, because the Seventh Circuit had not granted pre-approval for a second § 2255 motion, as required by 28 U.S.C. § 2255 [ ¶ 8], and § 2244(b).  Petitioner then filed a motion for reconsideration, which the trial court denied.  However, the trial court found that "there was at least an arguable issue as to whether the former motion (filed on July 2, 2004) should have been characterized as a second or successive petition." Peete, 2006 WL 2988462 at * 1.[2]   The trial court therefore granted Petitioner a "Certificate of Appealability," (see 28 U.S.C. § 2253(c), Fed. R. App. 22(b)), so he could seek further review in Seventh Circuit Court of Appeals.  However, the Court of Appeals vacated that Certificate of Appealability on May 31, 2005.  (Petitioner's "Memorandum In Support Of Section 2241 Motion," p. (1).)

Thereafter, Petitioner continued to challenge his conviction and sentence in a series of court filings, which included (i) a third "motion to reconsider," (ii) an application to the Seventh Circuit Court of Appeals for permission to file a second § 2255 motion, (iii) another Rule 60(b) motion, and (iv) a motion seeking leave to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Id., p. (2).)  All of those applications for relief were unsuccessful. (Id.)

---

[2]  Perhaps the unusual progression of this case – namely that Petitioner's first § 2255 motion came before his direct appeal – gave the trial court some concern about whether Petitioner's "All Writs Act"/Rule 60(b) application should have been treated as a second § 2255 motion.

On January 31, 2008, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   In this action, he is once again attempting to challenge the sentence imposed in his 2000 Wisconsin federal criminal case.   Petitioner claims that he is "actually innocent" of the enhancement part of his sentence, because some of the prior state criminal convictions reflected in his pre-sentence report were invalid. He is seeking a writ of habeas corpus that would reduce his sentence to 120 months – the term that he allegedly would have received if not for the allegedly improper enhancement.

However, Petitioner's current challenge to his 2000 federal prison sentence cannot be brought in a § 2241 habeas corpus petition.   Therefore, this action must be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."   (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.   "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and

4

not in a habeas petition filed in the court of incarceration... under § 2241." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per</u> <u>curiam</u>), <u>quoting</u> 28 U.S.C. § 2255.  <u>See</u> <u>also</u> <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983) (<u>per</u> <u>curiam</u>) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (<u>Abdullah</u>, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence imposed in his 2000 Wisconsin federal criminal case.  Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see</u> <u>also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the original trial court could not entertain a new § 2255 motion at this time. <u>Id</u>. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, because he is not presently eligible for relief under § 2255, (due to the restrictions on successive motions and the one-year statute of limitations), and because he is claiming to be "actually innocent" of the sentence he received. That reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations,

6

would be rendered meaningless if a prisoner who is procedurally barred from bringing a §
2255 motion could simply argue that the remedy provided by that statute has become
"inadequate or ineffective," and that he should therefore be allowed to bring his claims in
a § 2241 habeas corpus petition.  Congress could not have intended for the rules governing
successive § 2255 motions, and the statute of limitations, to be so easily evaded.  Indeed,
the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed
as inadequate or ineffective "merely because § 2255 relief has already been denied,... or
because petitioner has been denied permission to file a second or successive § 2255
motion... or because a second or successive § 2255 motion has been dismissed, ... or
because petitioner has allowed the one year statute of limitations and/or grace period to
expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See
also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective'
under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition");
Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the
claim was previously raised in a § 2255 motion and denied, or because a remedy under
that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286
F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or
ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537
U.S. 869 (2002).

     "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only
if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental
defect in his conviction or sentence because the law changed after his first 2255 motion."
In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or

ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his § 2255 motion, and in his direct appeal. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to raise his current arguments in those prior proceedings. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he is "actually innocent" with regard to the sentence he received. That argument, however, is foreclosed by Abdullah. There, the Court of Appeals made it clear that an actual innocence argument, by itself, does not automatically invoke the § 2255 savings clause. An actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never had a prior opportunity to raise the argument. Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because... regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

Here, as in Abdullah, Petitioner had an opportunity to present his actual innocence arguments in his § 2255 motion and in his direct appeal. He claims that he objected to the accuracy of his pre-sentence report before he was even sentenced, (Petitioner's "Memorandum In Support Of Section 2241 Motion," at pp. (1) and (4)), so he obviously was, (or should have been), aware of his "actual innocence" arguments before he pursued

8

his § 2255 motion and his direct appeal.

As the Court of Appeals pointed out in <u>Abdullah</u> –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here, even for Petitioner's actual innocence claims.  Petitioner has had an adequate procedural opportunity to raise his current claims for relief, including his actual innocence claims, and he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the federal prison sentence imposed in his 2000 Wisconsin federal criminal case; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) neither Petitioner's present inability to seek relief under § 2255, nor his claims of "actual innocence," cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.

See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.


Dated: February 5, 2008


s/ <em>Franklin L. Noel</em>
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 25, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.